ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2022-Jan-03 16:59:14
04CV-22-23
C19WD05 : 7 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

ANTHONY KACZOROSKI                            PLAINTIFF

VS                      CASE NO.

CASEY'S GENERAL STORES, INC.;                  DEFENDANTS
CASEY'S SERVICES COMPANY
(D/B/A CASEY'S GENERAL STORE
& CASEY'S GENERAL STORES);
TIMOTHY S. GAMBRALL &
JOHN DOE NOS. 1-4

## COMPLAINT

COMES NOW the Plaintiff, Anthony Kaczoroski, by and through his attorney, Darren A. Gibbs, and for his Complaint against Defendants, states as follows:

1. That at the time of the occurrence that is the subject matter of this lawsuit, Plaintiff, Anthony Kaczoroski, was and is a resident of Benton County, Arkansas.

2. That at all times pertinent to this lawsuit, Casey's Services Company (d/b/a Casey's General Store & Casey's General Stores) is/was a Foreign For Profit Corporation, originating from the state of Iowa and registered to do business in the state of Arkansas, and its registered agent is listed as: CT Corporation System, 124 West Capitol Ave, Suite 1900, Little Rock, Arkansas 72201.

3. Casey's General Stores, Inc. is a for-profit corporation with its principal place of business in Iowa. Upon reasonable and believe, Defendant Timothy S. Gambrall is a resident of Iowa.

4. That in addition and/or in the alternative to the above, Defendant John Doe Nos. 1-4, is the official name of the person or entity with which Defendant Casey's and/or Timothy S. Gambrall may be associated (including other principal(s), employer(s), or successor(s)-in-interest). Further, Defendant John Doe Nos. 1-4 represent any shipper, broker, supplier(s) and/or as applicable, recipient(s) of the loads being hauled by Mr. Timothy S. Gambrall at the time of the subject occurrence.

5. That upon determining the identity of any currently unknown tortfeasor, person or entity, Plaintiff will amend the Complaint by substituting the real name for the pseudo-name.

6. That pursuant to A.C.A. §16-56-125, Plaintiff has attached the Affidavit of the Plaintiff's Attorney affirming that the identity of a tortfeasor(s) is unknown, as "EXHIBIT A".

7. Casey's Services Company (d/b/a Casey's General Store and d/b/a Casey's General Stores), as well as Casey's General Stores, Inc., or any other applicable John Doe, will collectively be referred to in this Complaint as "Casey's".

8. This Court has jurisdiction over this cause and the parties hereto and the venue of this action is properly placed within this Court.

9. At the time of the occurrence, Mr. Timothy S. Gambrall was driving a tractor-trailer owned, leased, maintained, an/or operated by or on behalf of the Defendant Casey's.

10. At the time of the occurrence, Mr. Gambrall was the agent, servant, and/or employee of Defendant Casey's.

11. The tractor trailer operated by Mr. Gambrall involved in this collision was operated under regulations promulgated by the U.S. Department of Transportation.

12. On the date of the subject occurrence, January 4, 2019, Mr. Gambrall had a commercial driver's license ("CDL").

13. That at all times pertinent to this lawsuit, Mr. Gambrall was a commercial motor vehicle driver subject the regulations of the United States Department of Transportation (FMCSA) and the State of Arkansas.

14. At all times pertinent to this lawsuit, Mr. McGrady was in the course and scope of his employment and/or agency relationship with Casey's.

15. On January 4, 2019, preceding the subject collision, Plaintiff Anthony Kaczoroski was traveling west on Arkansas State Highway 72/E. Central Avenue in Bentonville, Arkansas.

16. At the time of collision, Mr. Kaczoroski was driving his 2009 Chevrolet HHR, a compact, four-door SUV.

17. At approximately 2:10 PM, Mr. Gambrall was driving the Casey's tractor-trailer South on NE 11th Street, when he attempted to turn left onto Arkansas State Highway 72/E. Central Avenue. As Mr. Gambrall began his turn left, he struck the right side of Mr. Kaczoroski's vehicle.

18. The subject collision and all damages related to the collision occurred as a proximate result of the negligent conduct of Mr. Gambrall, which is imputed to Defendant Casey's, in particular including, but not limited to, the following:

    A. That Mr. Gambrall failed to yield the right of way;

    B. That Mr. Gambrall failed to maintain a proper lookout under the circumstances then and there existing;

    C.    That Mr. Gambrall failed to maintain proper control of his vehicle for the circumstances then and there existing;

    D.    That Mr. Gambrall failed to comply with all rules, regulations, and duties required by the laws of the State of Arkansas and/or by DOT Regulations; and

    E.    That Mr. Gambrall failed to use ordinary care under the circumstances then and there existing.

19. That Defendant Casey's was negligent in particular including but not limited to, the following:

    A.    Negligence in the hiring, training, and supervision of Mr. Gambrall;

    B.    Negligent failure to comply with all rules, regulations, and duties required by the laws of the State of Arkansas and by DOT regulations; and,

    C.    Otherwise failing to exercise ordinary care under the circumstances.

20. Plaintiff Anthony Kaczoroski was not guilty of any comparative fault.

21. No other person, firm, company, corporation, or entity of any type, other than those identified herein, was guilty of any negligence which was a proximate and contributing cause of the subject collision and/or Plaintiff's damages.

22. The negligence of Mr. Gambrall is imputed to Casey's (and/or John Does 1-4) under the doctrine of respondent superior, vicarious liability, and /or by federal regulations in that he was the driver for Defendant Casey's (and/or John Doe Nos. 1-4) and in the course and scope of his employment or agency relationship with Defendant Casey's.

23. As a proximate result of the negligence of Mr. Gambrall, which is imputed to Defendant Casey's (and/or John Doe Nos. 1-4), Plaintiff, Anthony Kaczoroski, sustained injuries to areas of his body including, but not limited to his neck, back, legs, feet, and arms, which required him to incur expense for medical care and treatment in the past and he will incur medical expenses expenses in the future; he has suffered lost earning and earning capacity in the past and will continue to suffer lost earnings and/or earning capacity in the future; he has endured pain, suffering, discomfort, mental anguish and loss of enjoyment of life in the past and will endure pain, suffering, discomfort, mental anguish and loss of enjoyment of life in the future; his injuries are permanent in nature; and for all of which he should have judgment from and against Defendants in an amount in excess of the minimum amount required for federal court diversity jurisdiction.

24. The Plaintiff prays for a jury trial in this cause.

25. The Plaintiffs reserve the right to amend and plead further in this action.

WHEREFORE, Plaintiff, Anthony Kaczoroski, prays that he have judgment from and against Defendants, in an amount in excess of that required for the minimum amount necessary for federal court diversity jurisdiction for compensatory damages; and, for his costs, and all the relief to which he may be entitled.

RESPECTFULLY SUBMITTED,
ANTHONY KACZOROSKI

By: /s/Darren A. Gibbs
Darren A. Gibbs, #2009255
3729 N. Crossover Rd, Suite 111
Fayetteville, AR 72703
(479) 521-7050, (479) 521-7052-fax
dgibbs@arklaw.net

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CIVIL DIVISION

**ANTHONY KACZOROSKI**  PLAINTIFF

VS  CASE NO.

**CASEY'S GENERAL STORES, INC.;**  DEFENDANTS
**CASEY'S SERVICES COMPANY**
**(D/B/A CASEY'S GENERAL STORE**
**& CASEY'S GENERAL STORES);**
**TIMOTHY S. GAMBRALL &**
**JOHN DOE NOS. 1-4**

### AFFIDAVIT OF DARREN A. GIBBS

BEFORE ME, the undersigned authority, personally appeared Darren A. Gibbs, who, upon first being duly sworn, deposes and states as follows:

1. I, Darren Gibbs, represent the Plaintiff in the above-styled lawsuit.

2. I have caused to be filed a Complaint in the above matter in the appropriate court of this state.

3. At this time, the names and the number of contemplated Defendants in this action are unknown.

4. For the purpose of tolling the statute of limitations, pursuant to Ark. Code Ann. §16-56-125, I have designated John Does 1-4 as unknown defendants.

5. Upon determining the identity of the unknown defendants, the pseudonym John Doe will be replaced with the real name of the Defendant in the Complaint of the above-entitled matter.

FURTHER, the AFFIANT SAYETH NOTE.


EXHIBIT A

Darren A. Gibbs, #2002955
The Law Offices of Darren A. Gibbs, PLLC
3729 N. Crossover Rd., Ste. 111
Fayetteville, AR 72703
(479) 521-7050, (479) 521-7052-fax
dgibbs@arklaw.net

Subscribed and sworn to me, this 29th day of December, 2021.

Notary Public

My commission expires:

6/20/2029

LUCY ELDRED LANGSTON
Notary Public - Arkansas
Washington County
Commission # 12347725
My Commission Expires Jun 20, 2029